**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES ROGER DUNCAN,

     Plaintiff - Appellant,

v.

C.O. JEFFREY QUINLIN; MAJOR
BILDREAYA; CAPTAIN ZWIRN;
SERGEANT GRAHAM,

     Defendants - Appellees.

No. 15-1172
(D.C. No. 1:15-CV-00575-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se, James Roger Duncan appeals the dismissal of his 42 U.S.C.

§ 1983 complaint and the denial of his motion to amend judgment. Finding no reversible

error, we affirm. We grant Duncan's motion for leave to proceed without prepayment of

fees, and we dismiss his motion to show cause.

Duncan is an inmate at the Sterling Correctional Facility ("SCF") in Sterling,

Colorado. On March 19, 2015, Duncan filed a pro se prisoner complaint against multiple

SCF employees, alleging violations of his First, Fifth, Eighth, and Fourteenth

_____

[*] After examining Duncan's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case
is therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P.
32.1; 10th Cir. R. 32.1.

Amendment rights. The district court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Duncan then filed a motion to amend judgment, which the district court denied. Duncan appealed. He subsequently filed a motion for leave to proceed without prepayment of fees and a motion to show cause.

We review de novo the dismissal of Duncan's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To the extent Duncan also challenges the denial of his motion to amend judgment under Fed. R. Civ. P. 59, we review for abuse of discretion. *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1178 (10th Cir. 2011). Because Duncan proceeds pro se, we liberally construe his filings and apply a more forgiving standard than the one we apply to attorney-drafted filings. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Duncan first complains that although the district court's order cited cases favorable to the defendants, the court failed to similarly locate and provide legal authority favorable to him. But a district court shouldn't act as an advocate for a pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, the district court had an independent duty to determine if Duncan's complaint failed to state a claim upon which relief could be granted,[1] and it couldn't fulfill that duty without considering the

---

[1] *See* 28 U.S.C. § 1915A (requiring court to screen any "complaint in a civil action in which a prisoner seeks redress from a[n] . . . officer or employee of a governmental entity" and to dismiss complaint if it "fails to state a claim upon which relief may be granted").

relevant legal authority—much of which happened to be unfavorable to Duncan. We thus find no error.

Next, Duncan asserts the district court erred in failing to view the facts in the light most favorable to him and in failing to liberally construe his pro se complaint. *See Kay*, 500 F.3d at 1217-18. We disagree. The district court acknowledged its duty to liberally construe Duncan's pro se pleadings, to accept his factual allegations as true, and to view those allegations in the light most favorable to Duncan. Because we see no indication it failed to comply with these obligations, we reject this argument as well.

Duncan also maintains the district court failed to address his equal protection claim and his allegations against defendant Quinlin. While the district court squarely addressed and rejected Duncan's excessive force claim against Quinlin, it failed to explicitly address Duncan's equal protection claim in dismissing his complaint. But any error was harmless because Duncan failed to allege he was treated differently than other similarly situated inmates. *See Taylor v. Roswell Indep. Sch. Dist.*, 713 F.3d 25, 53 (10th Cir. 2013) (explaining plaintiff can't prevail on equal protection claim without showing he or she was treated differently from similarly situated individuals). *See also* 28 U.S.C. § 2111 (requiring courts to disregard errors that don't affect substantial rights); Fed. R. Civ. P. 61 (same).

Next, Duncan argues the district court erred in finding that the Colorado Department of Corrections ("CDOC") "is an employee of the [g]overnment [e]ntity." Instead, Duncan insists, CDOC is a "contract company" and is therefore not entitled to Eleventh Amendment Immunity. Aplt. Br. at 2. But the district court didn't

find that CDOC was entitled to Eleventh Amendment immunity. Instead, the court referenced CDOC's government status in determining that 28 U.S.C. § 1915A applies to Duncan's complaint. Because Duncan fails to challenge the district court's decision to apply § 1915A, we need not reach the issue. *See United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004) ("The failure to raise an issue in an opening brief waives that issue.").

Finally, Duncan argues the district court erred in informing him that he would not have to pay the appellate filing fee if he chose not to appeal. Duncan characterizes this as a bribe designed to keep him from exposing the district court's alleged errors. But the district court merely informed Duncan that if he chose to file a notice of appeal he would either have to pay the appellate filing fee up front or file a motion with this court to proceed without prepayment. *See* 28 U.S.C. § 1915(b)(1); Fed. R. App. P. 24(a)(5); 10th Cir. R. 24.1. The district court did not err in accurately informing Duncan of his options.

Because Duncan fails to identify any basis for reversal, we affirm the district court's dismissal of his complaint and its denial of his motion to amend judgment. We grant Duncan's motion for leave to proceed without prepayment, but we remind him of his obligation to pay all filing and docketing fees. *See* 28 U.S.C. § 1915(b). Finally, we liberally construe his pro se motion to show cause as a supplemental motion to proceed

4

without prepayment, and dismiss it as moot.

Entered for the Court


Nancy L. Moritz
Circuit Judge